## OAKLAND BANK OF SAVINGS v. APPELGARTH.*

### No. 9636; December 2, 1884.

#### 4 Pac. 1189.

**Appeal.—Where Evidence is Conflicting,** the judgment of the lower court will not be disturbed on appeal.

**Tender—Objections—Waiver.—By the Statute** (Code Civ. Proc., sec. 2076), it is provided that the person to whom a tender is made must, at the time, specify any objection he may have to the money, instrument, or property, or he must be deemed to have waived it; and if the objection be to the amount of money, the amount or the kind of property, he must specify the amount, terms, or kind which he requires, or be precluded from objecting afterward.

APPEAL from the Superior Court of Merced County.

J. K. Law for appellant; W. G. Goodfellow and E. Jackman for respondent.

MORRISON, C. J.—The plaintiff brought this suit to foreclose a mortgage on lands situate in Stanislaus county, and judgment was rendered for the defendant on the ground that the amount due on the mortgage debt was duly tendered before suit brought. The principal object in the case seemed to be the institution of a suit before the defendant could

---

*For subsequent opinion in bank, see Oakland Bank of Savings v. Appelgarth, 67 Cal. 86, 4 Pac. 1189.

make a legal tender of the amount due, and there seems to have been such a small interval of time between the tender and the filing of the complaint that it was scarcely appreciable. Why this anxiety to bring the suit before the defendant could make his tender is only to be accounted for by the fact that the plaintiff was desirous of collecting the percentage provided for in the mortgage to cover legal expenses. This mortgage had been sent to the attorney of the plaintiff at Merced, for foreclosure, before any steps looking toward a tender had been taken by the defendant; and the ascertainment of the fact that legal proceedings were about to be instituted probably stimulated the defendant to action, and prompted him to make the tender as speedily as possible. At all events, the testimony of the exact time when the tender was made, and that relating to the precise moment when the complaint was filed, was such as to raise a doubt which act was first in point of time. The court below found that the tender was first in point of time, and we are not prepared to say that such conclusion was not warranted by the evidence. On a disputed fact of this character the court would hardly strain a point to reach a different conclusion, and we are satisfied with that arrived at by the court below.

The third finding is, "that on the first day of September, A. D. 1882, at the hour of 2 P. M., and before the commencement of this action, defendants tendered to and offered to pay to plaintiff the sum of six thousand three hundred and thirty-four dollars and fifty-five cents in United States gold coin in payment and satisfaction of said note and mortgage; that plaintiff did not make or specify any objection to said sum of six thousand three hundred and thirty-four dollars and fifty-five cents, or to the amount thereof, nor did plaintiff specify any other as the amount which it required, but then and there refused, and ever since has refused, to accept from defendant said sum or any part thereof. The defendant has at all times been ready and willing to pay plaintiff said sum of six thousand three hundred and thirty-four dollars and fifty-five cents, and did, at the time of filing his answer therein, bring into court and deposit therein for plaintiff said sum so tendered to plaintiff as aforesaid."

By section 2076, Code of Civil Procedure, it is provided that "the person to whom a tender is made must, at the time,

specify any objection he may have to the money, instrument, or property, or he must be deemed to have waived it; and if the objection be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount, terms, or kind which he requires, or be precluded from objecting afterward.''

Under the circumstances of this case, it was no great hardship for the plaintiff to be charged with the costs of the litigation, and we must affirm the judgment. Motion to dismiss the appeal denied. Judgment and order affirmed.

We concur: Myrick, J.; Ross, J.